**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

JAMILA MERRICK,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------------X

**24-CV-4598 (LJL) (VF)**

**REPORT & RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE LEWIS J. LIMAN, United States District Judge.**

On June 17, 2024, Plaintiff Jamila Merrick ("Plaintiff") filed the instant action against the Commissioner of Social Security ("the Commissioner"), seeking an award of benefits pursuant to 42 U.S.C. § 405(g). See ECF No. 1. On January 24, 2025, the case was remanded for further administrative proceedings on consent of the parties. ECF No. 15. On February 19, 2026, Plaintiff moved for attorney's fees under 42 U.S.C. § 406(b). ECF No. 23. For the reasons discussed herein, I respectfully recommend that Plaintiff's motion for attorney's fees be **GRANTED**, and counsel be awarded the sum of $23,279.75. I further recommend that any such award be paid out of Plaintiff's past-due benefits and, upon receipt of this sum, Plaintiff's counsel be required to refund to Plaintiff the previously awarded Equal Access to Justice Act ("EAJA") fees of $9,100.

## BACKGROUND

On December 21, 2021, Plaintiff filed an application for Supplemental Security Income benefits and Social Security Disability Benefits under the Social Security Act for disabilities that

began on January 15, 2021. ECF No. 1 at ¶¶ 4-5; ECF No. 7 at 15.[1] Plaintiff's applications were denied, and she timely requested a hearing before an administrative law judge ("ALJ"). ECF No. 1 at ¶ 7. On August 30, 2023, Plaintiff's application was denied following a hearing before an ALJ. Id. On May 1, 2024, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Id. at ¶ 8. The denial made the ALJ's decision a "final decision" of the Commissioner that was eligible for judicial review pursuant to 42 U.S.C. § 405(b).

On June 17, 2024, Plaintiff filed a complaint for an award of benefits pursuant to 42 U.S.C. § 405(g). See ECF No. 1. On November 22, 2024, Plaintiff filed a motion for judgment on the pleadings. ECF No. 11. On January 22, 2025, the parties filed a stipulation to remand the case for further proceedings before the Social Security Administration ("SSA"). ECF No. 14. On January 24, 2025, the Honorable Lewis J. Liman entered the parties' stipulation. ECF No. 15. On April 1, 2024, the parties filed a proposed stipulation awarding Plaintiff $9,100 in fees under the EAJA, which the undersigned endorsed the next day. See ECF Nos. 21, 22.

On February 19, 2026, Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 23-25. The Commissioner filed a response on February 23, 2026. ECF No. 26. The Commissioner "neither supports nor opposes counsel's request for attorney's fees . . . under 42 U.S.C. § 406(b)." Id. at 1. However, the Commissioner asks that if the Court authorizes a § 406(b) award, the Court "direct that Plaintiff's counsel reimburse Plaintiff the fees he previously received under the EAJA[.]" Id. at 2.

In support of the motion for attorney's fees, Plaintiff's counsel, Daniel Berger, submitted a copy of the Fee Agreement (ECF No. 24-1); counsel's billing records (ECF No. 24-2); and the

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

SSA's award of benefits (ECF No. 24-3). Plaintiff's counsel acknowledges that, if awarded fees, Plaintiff will be refunded the previously approved EAJA fees. ECF No. 25 at 5. The Fee Agreement, signed by Plaintiff, permits counsel to seek fees in federal court in the amount of 25% of the past-due benefits awarded to Plaintiff. ECF No. 24-1.

## LEGAL STANDARD

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Fields v. Kijakazi, 24 F.4th 845, 852-53 (2d Cir. 2022) (citation omitted); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002) (explaining that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results"). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." Caraballo v. Comm'r of Soc. Sec., No. 17-CV-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." Fields, 24 F.4th at 853 (internal quotation marks and citation omitted). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the

"character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." Id. (internal quotation marks, alteration and citation omitted); see also Valle v. Colvin, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (citing Blizzard v. Astrue, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)).

## DISCUSSION

Plaintiff seeks a fee award of $23,279.75, or 25% of Plaintiff's total award of $93,119 in past-due benefits, based on the Fee Agreement between Plaintiff and counsel that permitted counsel to receive 25% of past-due benefits awarded to Plaintiff if successful on her claim for benefits. See ECF No. 24 at ¶ 10; ECF No. 24-1; ECF No. 25 at 4. For the reasons explained below, I recommend approval of the requested fee award.

First, the $23,279.75 contingency fee requested is equivalent to the 25% statutory cap, see 42 U.S.C. § 406(b)(1)(A), and there is no evidence of fraud or overreaching in the negotiation of the Fee Agreement. See ECF No. 24-1; see e.g., Hennelly v. Kijakazi, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreaching is sufficient to satisfy this threshold inquiry); Casiano v. Kijakazi, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023) (same).

Second, the requested fee is in line with the "character of the representation and the results the representation achieved." Valle, 2019 WL 2118841, at *2 (citation omitted). Counsel litigated this matter to a successful result for Plaintiff, with the Commissioner agreeing to a remand after Plaintiff filed her motion for judgment on the pleadings, and the SSA granting

Plaintiff an award of $93,119 in past-due benefits. ECF No. 24 at ¶ 3; ECF No. 24-3 (award). "Plaintiff's counsel was successful in achieving an award of benefits and nothing in the record suggests any flaw in the character of the representation." Jones v. Comm'r of Soc. Sec., No. 21-CV-4156 (SDA), 2023 WL 7042641, at *1 (S.D.N.Y. Oct. 26, 2023).

Third, there is no indication in the record of any intentional delay created by counsel for the purpose of increasing the total benefits award. Brockington v. Comm'r of Soc. Sec., No. 21-CV-2178 (LGS) (VF), 2024 WL 3639219, at *3 (S.D.N.Y. June 28, 2024), adopted by, 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024). Counsel, with consent of the Commissioner, requested one 90-day extension of time in this action for filing the motion for judgment on the pleadings due to counsel's case load. ECF No. 8. This requested extension does not evince any purposeful delay on behalf of counsel. See, e.g., Polonia v. Comm'r of Soc. Sec., No. 24-CV-562 (AEK), 2026 WL 296575, at *3 (S.D.N.Y. Feb. 3, 2026) (finding Mr. Berger's request for one agreed-upon extension of time due to a busy case load did not provide a "reason to believe that the extension was sought for any improper purpose").

The only remaining question is whether an award of $23,279.75 would constitute a windfall to counsel. Stated differently, the question is whether the benefits to be awarded to counsel are "large in comparison to the amount of time [counsel] spent on the case." Gokey v. Berryhill, No. 18-CV-658 (RA), 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021) (internal quotation marks and citation omitted). In assessing whether there is a windfall, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Fields, 24 F.4th at 854. Specifically, courts consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the

claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55. In addition, "courts in this Circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary." Rowell v. Astrue, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008). Considering these factors, there is no evidence that the requested fee award is a windfall to counsel.

Counsel only represented Plaintiff in federal court. ECF No. 24 at ¶ 7. Counsel performed 37.1 hours of work in the federal matter (id. at ¶ 7), which yields a de facto hourly rate of $627.49 (ECF No. 26 at 2). A de facto hourly rate of $627.49 is well within the range of hourly rates approved by courts in this District. See Brown v. Comm'r of Soc. Sec., No. 20-CV-9122 (AEK), 2026 WL 1960536, at *4 (S.D.N.Y. July 7, 2026) (approving Mr. Berger's de facto hourly rate of $669.47 as "well within the range of de facto hourly rates approved by courts within this Circuit").

1. *Counsel's ability and expertise*

Counsel submitted contemporaneous billing records which show that Daniel Berger performed 37.1 hours of work. ECF No. 24-2. Mr. Berger attests that he has spent "many years working exclusively on Social Security disability cases both at the administrative and federal court level." ECF No. 24 at ¶ 8. And Mr. Berger's expertise in litigating Social Security appeals has been recognized by courts in this Circuit. See, e.g., Brown, 2026 WL 1960536, at *3 (noting that "Mr. Berger has extensive experience in litigating Social Security disability appeals"); Rosario v. O'Malley, No. 21-CV-3193 (JCM), 2024 WL 3498410, at *3 (S.D.N.Y. July 19, 2024) (stating that "Mr. Berger has worked for many years on Social Security disability cases at

the federal and administrative levels, and certainly possesses the requisite ability and expertise in this field") (citation omitted).

Turning to the hours expended, the 37.1 hours spent by counsel in reviewing the administrative record and preparing the opening memorandum of law is well within the amount of hours typically approved by courts in this Circuit for the type of work performed by counsel. See Madigan v. Kijakazi, No. 19-CV-5725 (AEK), 2023 WL 4348524, at *4 (S.D.N.Y. July 5, 2023) ("Courts within the Second Circuit generally and routinely endorse 20-40 hours of work performed by counsel in Social Security disability cases."); Caudy v. Colvin, No. 13-CV-2314 (AKH), 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020) (finding 42.4 hours reasonable after plaintiff filed opening motion for judgment on the pleadings and the parties subsequently stipulated to a remand).

In addition, the work by Plaintiff's counsel led to a successful outcome because counsel obtained a large recovery of past-due benefits for Plaintiff. The $627.49 de facto hourly rate "must be viewed in this context" since "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." See Fields, 24 F.4th at 854. The 37.1 hours includes the time spent reviewing the 2,051-page administrative record, conducting research, and drafting the 24-page opening memorandum of law. See ECF Nos. 7, 12. This is an efficient use of time and "the product of competent and efficient advocacy, which should not be held against counsel in their request for fees." Valle, 2019 WL 2118841, at *3. Therefore, this first factor weighs in favor of the requested fee amount.

2. *The nature and length of counsel's relationship with Plaintiff*

Counsel represented Plaintiff in this federal proceeding which commenced in June 2024. See ECF No. 24-1. Although counsel may have only been actively working on the case for a

short time, that does not weigh against approving the fee request, where courts have approved similar rates even when the relationship was short, limited to representation in federal court, and consisted of filing an opening brief. See Ricciardi v. Comm'r of Soc. Sec., No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022) (finding this factor weighed in favor of the fee request counsel was retained three years ago, but only represented plaintiff "during a seven-month period" in federal court and "did not represent [p]laintiff at the agency level"); Hennelly, 2023 WL 3816961, at *2-3 (approving de facto hourly rate of $1,705.16 for 31.9 hours of work to file the memorandum of law in the federal case and counsel "did not handle the administrative proceedings before the [SSA]"); Polonia, 2026 WL 296575, at *3 (finding Mr. Berger had "muti-year relationship" with plaintiff where the case was filed in January 2024 and the motion for attorney's fees was filed in December 2025). This factor also weighs in favor of the fee request.

3. *Plaintiff's satisfaction with counsel's representation*

Counsel achieved a favorable outcome for Plaintiff, with an award of $93,119 in past-due benefits. See ECF No. 24 at ¶ 10; ECF No. 25 at 4. Plaintiff received a favorable result due to counsel's efforts, including ongoing monthly benefits. See ECF No. 25 at 1-2. This factor therefore weighs in favor of the fee request. See, e.g., Fields, 24 F.4th at 855 (explaining that claimant achieved a favorable decision from the SSA in the form of a large award of past-due benefits as well as ongoing monthly benefit).

4. *The uncertainty of Plaintiff's case*

In contingency-fee cases like this one "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk," which is borne by the attorney. Velez v. Comm'r of Soc. Sec., No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7,

2021) (quoting Nieves v. Colon, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)) (alterations in original); see also Devenish v. Astrue, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (collecting cases); Warren v. Astrue, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). The Fee Agreement signed by Plaintiff is dated June 13, 2024. ECF No. 24-1. When counsel took on Plaintiff's case, there was no guarantee that he would be paid for his work, because an award of past-due benefits was not a certainty. "Further, given that Plaintiff did not secure a remand until after counsel filed an opening brief, a favorable outcome was uncertain." Michael R. v. Comm'r of Soc. Sec. Admin., No. 24-CV-01762 (RFT), 2026 WL 629905, at *3 (S.D.N.Y. Mar. 6, 2026). Clearly, this is not a case "where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Fields, 24 F.4th at 856. The amount sought here thus appropriately reflects the risk borne by counsel and, consequently, this factor also weighs in favor of the fee request.

In short, all four factors weigh in favor of the fee request, and I therefore recommend approval of the fee award. Moreover, although a fee award "may be made under both the EAJA and § 406(b)," the attorney "must refund to the claimant the amount of the smaller fee." Guzman v. Comm'r of Soc. Sec., No. 15-CV-3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gisbrecht, 535 U.S. at 796) (cleaned up). Courts in this District have thus mandated that attorneys who obtain fees under both statutes "return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)." Id. (quoting Jackson v. Astrue, No. 09-CV-1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)). I thus

recommend that counsel be required to refund to Plaintiff the $9,100 previously awarded under the EAJA. See ECF No. 22; ECF No. 25 at 5.

## CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's motion for attorney's fees be **GRANTED**, and counsel be awarded the sum of $23,279.75. Additionally, I recommend that any award be paid out of Plaintiff's past-due benefits, and, upon receipt of this sum, counsel be required to refund the previously awarded EAJA fees of $9,100 to Plaintiff.

**SO ORDERED.**

DATED: New York, New York
October 7, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Lewis J. Liman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**